**ACKER & WHIPPLE**
STEPHEN ACKER, SBN: 64996
JONATHAN S.M. FRANCIS, SBN: 307722
811 Wilshire Boulevard, Suite 700
Los Angeles, California 90017
Phone: (213) 347-0240 | Fax: (213) 623-1957
Email: StephenAcker@AckerandWhipple.com
       JonathanFrancis@AckerandWhipple.com

Attorneys for Defendant, JOHN PAUL MITCHELL SYSTEMS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> JOHN PAUL MITCHELL SYSTEMS, a California Corporation; and DOES 1-10, <br><br> Defendants. | Case No.: 2:25-cv-10503-SVW (JDEx) <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT JOHN PAUL MITCHELL SYSTEMS** <br><br> *[Filed concurrently with the Declaration of Jonathan S.M. Francis; and [Proposed] Order]* <br><br> DATE: January 26, 2026 <br> TIME: 1:30 P.M. <br> COURTROOM: 10A <br><br> Judge Stephen V. Wilson <br><br> Complaint Filed: 10/31/25 |

1.

**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT
JOHN PAUL MITCHELL SYSTEMS**

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **January 26, 2026**, at **1:30 p.m.**, or as soon thereafter as the matter may be heard, in Courtroom 10A of the above-entitled Court, located at First Street U.S. Courthouse, Los Angeles, 10th Floor, Defendant, JOHN PAUL MITCHELL SYSTEMS will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing Plaintiff August Image, LLC's Complaint, filed on October 31, 2025, in its entirety.

The motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Jonathan S.M. Francis in support thereof, the Proposed Order filed concurrently herewith, the pleadings, records, and papers on file in this action, oral argument of counsel, and any other matters properly before the Court.

Dated: December 29, 2025

ACKER & WHIPPLE
A Professional Corporation

By: _____
STEPHEN ACKER
JONATHAN S.M. FRANCIS
Attorneys for Defendant, JOHN PAUL MITCHELL SYSTEMS

2.

**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT JOHN PAUL MITCHELL SYSTEMS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises from Plaintiff's cursory allegation that JPMS is liable for direct copyright infringement based on a single post, or "pin" on the Pinterest page of an unrelated third party. As the complaint makes abundantly clear, the facts do not support Plaintiff's claim. Plaintiff attempts to elide this inconvenience by selectively including portions of the post identified as the infringing URL ("Accused Pin"), while omitting indispensable portions of the Pinterest page that show the allegation the Accused Pin exists on JMPS's Pinterest page is untrue.

Further, Plaintiff fails to sufficiently allege facts for the Court to find Plaintiff has standing to pursue its claim of copyright infringement and its requests for relief. Plaintiff provides no facts to support its conclusory allegation that it has a right to maintain the action as an "exclusive licensing agent", or that it has the right to bring an action for the alleged infringement of any of the exclusive rights enumerated in section 106 of The Copyright Act. Plaintiff also fails to allege when it entered into the purported licensing agreement and that it was the exclusive licensee at the time of the alleged infringement.

Finally, Plaintiff fails to allege facts supporting several of its claims for relief, including its requests for infringer's profits, statutory damages, costs and attorney fees, and injunctive relief.

For these reasons, Plaintiff's complaint must be dismissed, and because amendment would be futile, it should be dismissed without leave to amend.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant John Paul Mitchell Systems ("JPMS") is an American manufacturer of salon-quality hair care products and styling tools. JPMS controls and operates the website https://www.paulmitchell.com/ and as part of its social media presence, maintains a page on Pinterest at https://www.pinterest.com/paulmitchellus/ ("JPMS's Pinterest").

3.

Plaintiff describes itself as a New York licensing company that represents portrait, lifestyle, beauty and fashion photographers. ¶ 4.[1] Plaintiff alleges that it is the exclusive licensing agent for the photograph at issue (the "Photograph") and for the unnamed photographer who took the photo at an unknown time. ¶ 8. On some unknown date, someone registered the Photograph with the U.S. Copyright Office. ¶ 8. Plaintiff alleges that at some point later than the unspecified date of publication and display of the Photograph, JPMS "copied, displayed, distributed, reproduced, or otherwise exploited" the Photograph on JMPS's Pinterest as found at https://www.pinterest.com/pin/219832025558621741 ("Accused Pin"). ¶¶ 8, 9 13.

### III. ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Kuhmstedt v. Enttech Media Grp., LLC*, 2022 WL 1769126, at *1 (C.D. Cal. Apr. 11, 2022) (quoting *Iqbal*, 556 U.S. at 678). Instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). "When reviewing a Rule 12(b)(6) motion, a court must consider the complaint in its entirety and any attached documents, documents incorporated by reference, or matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues &*

---

[1] Citations to "¶" refer to the Complaint.

*Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, "a district court may dismiss a complaint without leave to amend if 'amendment would be futile.'" *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (quoting *Carrico v. City & Cnty. of San Francisco,* 656 F.3d 1002, 1008 (9th Cir.2011).

    **A.  Plaintiff's Fails to Allege Standing to Pursue its Copyright Infringement Claim.**

In the context of a copyright infringement claim, section 501(b) of the Copyright Act sets forth the general standing requirements: ""[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b).

Plaintiff lacks standing to sue for the alleged infringement of the Photograph because the Complaint fails to adequately allege that Plaintiff is either the legal or beneficial owner of one of the six exclusive rights enumerated in section 106 of the Copyright Act. *See Fahmy v. Jay-Z*, 908 F.3d 383, 394 (9th Cir. 2018) (plaintiff lacked standing to sue for infringement of the right to prepare derivative works because plaintiff was not the beneficial owner of that specific right). Here, Plaintiff alleges that JPMS has infringed the reproduction right, the display right, and the distribution right. ¶ 13. Accordingly, the Complaint must allege specific facts to support the conclusion that Plaintiff holds the exclusive rights to at least one of the enumerated rights that form the basis of its infringement action. *See Fahmy*, 908 F.3d at 394.; *accord Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1005 (9th Cir. 2015) (licensing agent could bring infringement action because it was the exclusive licensing agent for "any and all uses" of the photographs at issue).

Instead, Plaintiff merely offers the unspecific allegation that it is the "exclusive licensing agent for the Subject Photograph." ¶ 8. This is insufficient to

show that any alleged licensing agreement pertaining to the Photograph transferred any section 106 rights at all. *See Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1169 (9th Cir. 2013) ("When determining whether a contract has transferred exclusive rights, we look not just at the labels parties use but also at the substance and effect of the contract."). Further, because the Copyright Act permits a copyright owner to transfer and subdivide any of the exclusive rights specified in section 106, Plaintiff's allegation is insufficient to show it holds the exclusive rights to license, and thereby bring suit for a violation of, the right to reproduce, display, or distribute the Photograph. 17 U.S.C. § 201(d)(2) ("Any of the exclusive rights comprised in a copyright, including any subdivision of any of the rights specified by section 106, may be transferred ... and ***owned separately***." (emphasis added); s*ee Fahmy*, 908 F.3d at 394. Accordingly, Plaintiff fails to establish that it has standing to pursue its infringement claim against JPMS.

Compounding the standing issue, Plaintiff fails to identify the date of the alleged infringement or the date on which Plaintiff purportedly acquired any exclusive licensing rights to the photograph. Because a rights holder can only sue for acts of infringement that occurred while it held those rights, Plaintiff must allege specific facts to establish that it was the exclusive licensee for the rights allegedly infringed at the time of the infringement. *See Oskar Sys., LLC v. Club Speed, Inc.*, 745 F. Supp. 2d 1155, 1160 (C.D. Cal. 2010) (finding plaintiff did not have standing because any infringement occurred before the transfer of rights).[2] The Complaint fails to do so.

---

[2] One exception occurs when the transfer of rights specifically assigns accrued claims to the new rights holder. *See Silvers v. Sony Pictures Ent., Inc.,* 2001 WL 36127624, at *3 (C.D. Cal. Jan. 25, 2001) (noting that an assignee of an accused cause for action for copyright infringement should have standing to pursue that claim). Here, his exception is merely academic here, as Plaintiff offers no details whatsoever about the alleged licensing transfer, never mind any facts showing a right to pursue any claims that accrued prior to any alleged licensing agreement.

6.

**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT JOHN PAUL MITCHELL SYSTEMS**

### B. Plaintiff Fails to Identify Any Infringing Activity By JPMS

To plead a claim for direct copyright infringement, a plaintiff "must show ownership of the allegedly infringing material" and "demonstrate that the alleged infringers "violate[d] at least one exclusive right grated to the copyright holders under 17 U.S.C. § 106. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). The plaintiff must also establish volitional conduct by the alleged infringer—*i.e.*, active involvement in the infringement, rather than being a mere passive participant. *Stross v. Meta Platforms, Inc.*, 2022 WL 1843129, at *2 (C.D. Cal. Apr. 6, 2022) (citing *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731–32 (9th Cir. 2019)).

Here, Plaintiff fails to allege sufficient facts to support the legal conclusion that the Accused Pin is displayed on JPMS' Pinterest or any other website owned or controlled by JPMS. ¶ 9. Accordingly, the Complaint fails to show any volitional conduct by JPMS in displaying, distributing, or reproducing the Accused Pin, and the infringement claim is fatally flawed. *See Stross*, 2022 WL 184129 at *2. Instead, apparently based solely on the words "Paul Mitchell" appearing in the caption of the Accused Pin, Plaintiff offers the conclusory allegation that the Accused Pin exists on JPMS's Pinterest or another website controlled by JPMS. ¶ 9. But the Accused Pin's URL (https://www.pinterest.com/pin/219832025558621741) does not indicate that Accused Pin exists on JPMS's Pinterest or any other website controlled by JMPS. Without more, Plaintiff's conclusory allegation is nothing more than speculation and conjecture. Plaintiff's complaint is devoid of any facts locating the Accused Pin on JPMS's Pinterest because the Plaintiff knows the Accused Pin was not located on JPMS's Pinterest. Rather, the Accused Pin was on the Pinterest of an unrelated party named Katie Brooks.[3] (Exs A, B).[4]

---

[3] https://www.pinterest.com/katiebrooks/elevae-beauty/
[4] Exhibit references are to exhibits attached to the declaration of Jonathan Francis, submitted concurrently with this motion.

7.

**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT JOHN PAUL MITCHELL SYSTEMS**

Although a court may generally not consider materials outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6), when the documents offered form the basis of the plaintiff's claim, a court may consider them under the incorporation-by-reference doctrine. As the Ninth Circuit has explained, "[t]he doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Further, even materials not directly reflected in the complaint may be incorporated and considered when the claim necessarily depended on them. *Id.* (citing *Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005).

Here, Plaintiff's infringement claim rests entirely on the (unsupported) allegation that the Accused Pin existed on JPMS's Pinterest. ¶¶ 5, 13; *see Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) ("To prove a claim of direct copyright infringement, a plaintiff must show that he owns the copyright and that ***the defendant himself violated*** one or more of the plaintiff's exclusive rights under the Copyright Act. (emphasis added)). Accordingly, the Court should consider not only the screenshot of the Accused Pin included in the Complaint (¶ 9)[5], but as the Court of Appeals did in *Knievel v. ESPN*, additional content that is directly related to the Accused Pin and to the copyright infringement claim that Plaintiff chose to omit. *See Knievel v. ESPN*, 393 F.3d 1068 9th Cir. 2005 (incorporating the surrounding content and webpages to bring context to a defamation cause of action). Here, the Court should also consider the screenshot of Katie Brooks' Pinterest, which shows that the Accused Pin existed on **Katie Brooks'** Pinterest, and ***not*** on JPMS's Pinterest. Ex. B. Because the Accused Pin did not exist on JPMS's Pinterest, JPMS cannot be liable for the direct copyright infringement

alleged in the Complaint. *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) ("[D]irect infringement requires the plaintiff to show causation (also referred to as 'volitional conduct') by the defendant.").

Further, Plaintiff cannot plausibly cure its pleading without contradicting or wholly abandoning the allegation that the Accused Pin existed on JPMS's Pinterest, the Complaint should be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (explaining that a district court does not need to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts").

### C. Plaintiff Fails to Allege Sufficient Facts to Support its Requests for Relief

Plaintiff seeks multiple forms of relief for its copyright claim, including injunctive relief, JPMS's profits or statutory damages, and its costs and attorney fees. For the following reasons, even if Plaintiff had adequately alleged its copyright claim, it has failed to plead sufficient facts to support its requests.

#### i. Statutory damages and attorney fees

17 U.S.C. § 412(1)-(2) requires a Plaintiff identify three events as a prerequisite for statutory damages under 17 U.S.C § 504(c) and attorney fees under 17 U.S.C § (505): (1) the date the alleged infringement started, (2) the date the alleged infringing work was registered, and (3) the date the alleged infringing work was first published. *Lickerish, Inc. v. Alpha Media Grp.*, 2014 WL 12589641, at *5 (C.D. Cal. Jan. 2, 2014). Plaintiff has identified none of these. To the extent Plaintiff might rely on the broad assertion that the alleged infringement occurred after the publication and display of the Subject Photograph (¶ 9), the Complaint still fails to identify the date of the alleged registration.

#### ii. Profits

The Copyright Act permits recovery of "any profits of the infringer that are attributable to the infringement." *See* 17 U.S.C. § 504(b). To be entitled to such

"infringer's profits", a plaintiff must "proffer sufficient non-speculative evidence to support a causal relationship between the infringement and the profits generated therefrom." *Mackie v. Rieser*, 296 F.3d 909, 915-16 (9th Cir. 2002). Plaintiff fails to offer any facts to support a casual relationship between the Accused Post and any of JPMS's profits. The allegation that JPMS "obtained profits [it] would not have realized but for [its] infringement" (¶ 15), is nothing but an unsupported conclusory allegation the Court should not credit.

### iii. Injunctive relief

To obtain injunctive relief, a plaintiff must show they are "realistically threatened by a repetition of the violation." *See Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (internal quotation and citation omitted). Here, Plaintiff makes no allegation of any continuing infringement or that the alleged infringement is likely to reoccur absent injunctive relief. Accordingly, Plaintiff has failed to plead entitlement to injunctive relief.

## IV. CONCLUSION

For all these reasons, the Complaint should be dismissed. Because Plaintiff cannot cure his cause of action by amendment, the Complaint should be dismissed without leave to amend.

Dated: December 29, 2025

**ACKER & WHIPPLE**
A Professional Corporation

By: _____
STEPHEN ACKER
JONATHAN S.M. FRANCIS
Attorneys for Defendant, JOHN PAUL MITCHELL SYSTEMS

# CERTIFICATE OF SERVICE- F.R.Civ.P. 5(b)

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I, the undersigned, certify and declare that I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 811 Wilshire Boulevard, Suite 700, Los Angeles, California 90017.

On **December 29, 2025**, I served on the parties of record in this action a true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT JOHN PAUL MITCHELL SYSTEMS,** by delivering it to the person(s) indicated on the attached service list in the manner as provided in F.R.Civ.P.5(b):

**SEE ATTACHED SERVICE LIST.**

**[X]  ELECTRONIC SERVICE [FRCivP 5(b)(2)(E)]** - I caused the aforementioned document(s) to be electronically served upon the addressee as indicated on the attached service list by submitting an electronic version of the document(s) listed above via file transfer protocol to ECF (Electronic Case Filing).

Executed on **December 29, 2025** at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Mary Jones*
_____
Mary Jones

**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT JOHN PAUL MITCHELL SYSTEMS**

STEPHEN ACKER
JONATHAN S.M. FRANCIS
ACKER & WHIPPLE
811 Wilshire Blvd., Suite 700
Los Angeles, California 90017
(213) 347-0240
Fax (213) 623-1957

| COURT INFORMATION | |
|---|---|
| COURT | : United States District Court, Central District |
| ADDRESS | : First Street U.S. Courthouse, Los Angeles, Courtroom 10A, 10th Floor |
| DISTRICT JUDGE | : Judge Stephen V. Wilson |
| ADDRESS | : Ronald Reagan Federal Building and United States Courthouse, Santa Ana |
| | Courtroom 6A, 6th Floor |
| MAGISTRATE JUDGE | : Judge John D. Early |
| COURT CASE NO. | : 2:25−cv−10503−SVW (JDEx) |
| OUR FILE NO. | : 4053 |

*August Image LLC v. John Paul Mitchell Systems*

**SERVICE LIST**

| | |
|---|---|
| Stephen M. Doniger<br>Benjamin Firestone Tookey<br>**Doniger Burroughs**<br>603 Rose Avenue<br>Venice, CA 90291 | Attorneys for Plaintiff,<br>August Image, LLC<br>a New York Limited Liability Company<br>Tel:   310-590-1820<br>      stephen@donigerlawfirm.com<br>      btookey@donigerlawfirm.com |

12.

**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT JOHN PAUL MITCHELL SYSTEMS**