Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>JOHN PAUL MITCHELL SYSTEMS, a California Corporation; and DOES 1-10,<br><br>Defendants. | Case No. 2:25-cv-10503-SVW-JDE<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>Jury Trial Demanded |

Plaintiff August Image, LLC prays to this Court for relief based on the following:

### JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

2. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### PARTIES

3. August is a New York limited liability company located in New York, NY. A full-service rights managed collection, August represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing.

4.Upon information and belief, Defendant John Paul Mitchell Systems d/b/a "Paul Mitchell" ("JPMS") is a California corporation with a principal place of business located at 20705 Centre Pointe Pkwy, Santa Clarita, CA 91350. JPMS owns, operates, and/or controls the commercial website www.paulmitchell.com and its related/affiliated subdomains, mobile websites, applications, and social media pages, including but not limited to JPMS' commercial Pinterest page pinterest.com/paulmitchellus/ (altogether, "Defendants' Website").

5.Upon information and belief, Defendants DOES 1-10 are other parties not yet identified who have infringed the asserted copyrights, have contributed to the infringement of the asserted copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants 1-10, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

6.Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**JPMS' UNAUTHORIZED EXPLOITATION OF THE SUBJECT PHOTOGRAPH**

7.August is the exclusive licensing agent and syndicator for an original photograph registered with the Copyright Office as of March 19, 2020 (the "Subject Photograph") and for the photographer who created the Subject Photograph, Ben Hassett:

/ / /

/ / /



AU257477
VA 2-200-248

8. Prior to the infringing acts alleged herein, Hassett executed a written agreement with August appointing August as exclusive licensing agent and syndicator for him and his photographs and, in doing so, transferred to August exclusive reproduction, distribution, and display rights in Hassett's photographs (including the Subject Photograph) under 17 U.S.C. § 106 and the right to redress past and present violations of those rights. Because August, as exclusive licensing agent and syndicator, owns exclusive reproduction, distribution, and display rights in the Subject Photograph and the right to redress past and present violations of those rights with respect to the Subject Photograph, it has standing to maintain this action under 17 U.S.C. § 501(b).

9. Following the publication and registration of the Subject Photograph, Defendants, and each of them (including JPMS), displayed, distributed, and reproduced unauthorized copies of the Subject Photograph for commercial purposes in numerous

Pins on Defendants' Website without seeking or obtaining a license from August (the "Accused Posts"), in violation of August's exclusive display, distribution, and reproduction rights in the Subject Photograph.

10. A copy of the Subject Photograph was displayed, distributed, and reproduced under the "Created" tab of Defendants' Pinterest page, i.e., identifying the Pins that Defendants (including JPMS) created themselves:



www.pinterest.com/paulmitchellus/_created/

11. Defendants also displayed, distributed, and reproduced an unauthorized copy of the Subject Photograph on Defendants' Website at www.pinterest.com/pin/219832025558621741. The embed code for that Pin identifies that it was "published by Paul Mitchell," i.e., JPMS:

/ / /

/ / /

4
FIRST AMENDED COMPLAINT



www.pinterest.com/pin/219832025558621741



assets.pinterest.com/ext/embed.html?id=219832025558621741

12. Upon information and belief, Defendants also displayed, distributed, and reproduced an unauthorized copy of the Subject Photograph on Defendants' Website at www.pinterest.com/pin/908812399815620316 and www.paulmitchell.com/pages/awapuhi-wild-ginger-hair-care. When August (through counsel) sent a takedown notice to Pinterest demanding the removal of Pin ID 219832025558621741 identified above, Pinterest identified Pin ID 908812399815620316 and webpage www.paulmitchell.com/pages/awapuhi-wild-ginger-hair-care as the offending Pin and webpage linked to Pin ID 219832025558621741 and on which Defendants displayed, distributed, and reproduced the complained-of unauthorized copies of the Subject Photograph:

> How was this violation identified
> While many copyright owners are happy to have their content on Pinterest, some do not want their content to appear on Pinterest. When a copyright owner sends us a complete and valid report per the Digital Millennium Copyright Act (DMCA), it's our policy to remove the Pin(s).
>
> Please find more information about the copyright infringement report below:
>
> Copyright Infringement Report ID: 1153157010
> Pin ID: 908812399815620316
> Reporter's Name: Benjamin Tookey
> Linked Domain URL: https://www.paulmitchell.com/awapuhi-wild-ginger
> Status: Disabled
>
> What does this mean
> Access to the content has been disabled.
>
> This was a hybrid deactivation. Hybrid deactivations include those where a human determines that a Pin violates policy, and automated systems help expand that decision to enforce against machine-identified matching Pins. Depending on the prevalence of matching Pins, a hybrid deactivation may result in a number of Pins deactivated or none at all.

/ / /

/ / /

13. Moreover, the "visually similar results" for Pin ID 219832025558621741 identify that the photograph (i.e., an unauthorized copy of the Subject Photograph) was "saved from paulmitchell.com":



14. To the extent Defendants exploited the Subject Photograph more than three years before the filing of this case, August did not know, and had no reason to know, of such exploitations.

15. In November 2024, August contacted JPMS and asked whether JPMS had obtained a license for its display, distribution, and reproduction of the Subject Photograph on Defendants' Website, including at www.pinterest.com/pin/219832025558621741. JPMS initially failed to respond. Then, after numerous notices of infringement and the initiation of this lawsuit, and even though the embed code for Pin ID 219832025558621741 indicates that it was "published by Paul Mitchell" (i.e., JPMS) as set forth above, JPMS refused to take any action to effect the removal of that Pin, instead forcing August to prepare and send the above-referenced takedown notice to Pinterest.

## FIRST CLAIM FOR RELIEF

### (Direct Copyright Infringement – Against All Defendants, and Each)

16. August incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

17. The Subject Photograph is original and registered with the Copyright Office.

18. As exclusive licensing agent and syndicator for the Subject Photograph and its creator (Ben Hassett), August has exclusive display, distribution, and reproduction rights in the Subject Photograph and standing to maintain this action under 17 U.S.C. § 501(b).

19. Upon information and belief, Defendants, and each of them, had access to the Subject Photograph, including through August's and/or Hassett's websites, social media accounts, profiles, galleries, exhibitions, and/or authorized licensees; Pinterest, third-party websites, and/or Internet search engines; and/or because the unauthorized copies displayed, distributed, and reproduced on Defendants' Website are verbatim copies of, and thus strikingly similar to, the Subject Photograph.

20. Defendants, and each of them, displayed, distributed, and reproduced unauthorized copies of the Subject Photograph for commercial purposes on Defendants' Website without seeking or obtaining a license from August, in violation of August's exclusive display, distribution, and reproduction rights in the Subject Photograph.

21. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement; and August has suffered damages it would not have suffered but for Defendants' infringement. As such, August is entitled to recover its actual damages, as well as disgorgement of Defendants' profits, attributable to Defendants' infringement in an amount to be established at trial.

22. Alternatively, August is entitled to recover statutory damages because, upon information and belief, Defendants' infringement of August's exclusive display, distribution, and reproduction rights in the Subject Photograph commenced after the effective date of the Subject Photograph's registration with the Copyright Office.

23. Upon information and belief, Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of, or with reckless disregard or willful blindness for, August's exclusive rights in the Subject Photograph, such that said acts of copyright infringement were willful, including but not limited to as alleged in Paragraph 15.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and/or anyone else working on behalf of or in concert with Defendants and/or their respective agents, be enjoined from further exploiting the Subject Photograph for commercial purposes in any manner without Plaintiff's authorization absent some independent legal right;

b. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 5, 2026                DONIGER / BURROUGHS

By:   /s/ *Benjamin F. Tookey*
      Stephen M. Doniger, Esq.
      Benjamin F. Tookey, Esq.
      *Attorneys for Plaintiff*